## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**JACK CHEEK**                                    **CIVIL ACTION**

**VERSUS**                                        **NO: 06-10739-MLCF**

**BARNES & NOBLE BOOKSELLERS,
INC.**

### ORDER

DEFENDANT'S MOTION TO COMPEL (Rec. doc. 22)

**GRANTED IN PART AND DENIED IN PART**

Before the undersigned is the motion of the defendant, Barnes & Noble Booksellers, Inc. ("Barnes & Noble"), to compel the plaintiff, Jack Cheek ("Cheek"), to provide responses to discovery and for sanctions.

On December 1, 2006, Cheek filed a complaint alleging age discrimination in employment. He seeks damages for: (1) back pay, including benefits; (2) front pay, including benefits, and/or reinstatement to a position comparable to the one he would have held but for the alleged wrongful activity; (3) liquidated damages; (4) attorney's fees and court costs; and (5) other damages which will be proven at trial. Rec. doc. 1 at p. 3. Cheek states that he has not seen any health care providers for any medical condition he alleges is related to this claim. He states that he will rely only on his testimony and that of corroborating lay witnesses of his claims of emotional distress. Rec. doc. 25 at p. 2.

On January 15, 2008, there was a telephone discovery conference regarding the defendant's

examination of Cheek during his deposition.  The minute entry provides:

> Counsel for the plaintiff instructed the plaintiff not to answer certain questions concerning his medical history.  The parties were directed to proceed with the examination of the plaintiff.  The defendant shall file a motion to compel plaintiff to provide medical authorization for access to his medical records.

Rec. doc. 13 at p. 1.  On February 18, 2008, Barnes & Noble filed its motion to compel.

In pursuing a claim for emotional distress, Cheek put his medical condition at issue.  The fact that he has not sought medical treatment for the alleged emotional distress does not negate the relevance of records and information pertaining to his medical condition.  Cheek's objections to interrogatory no. 10 and document request no. 10 relating information about his medical condition and for release of records with respect to health care providers for the last fifteen years are overruled.  After it reviews the medical records, Barnes & Noble may re-depose Cheek on the information found in the medical records.   The medical records shall be produced subject to an appropriate protective order.

Cheek filed an exhibit list.  Rec. doc. 14.  If he has produced the documents on this list, he is not required to respond to a request for documents he may introduce at trial or a request for documents he contends supports his claim of age bias.  The expert deadline passed without Cheek delivering a report of an expert.  Since he will not be calling an expert, he is not required to produce documents relating to expert testimony.

Document request nos. 16, 18 and 19 seek authorizations for the release of employment records, unemployment records, and Social Security records.  Cheek put his earnings at issue.  These discovery requests are relevant.  His objections are overruled.

The request of Barnes & Noble for sanctions is denied.

The trial is set for April 21, 2008.  Rec. doc. 108.

IT IS ORDERED that the defendant's motion to compel (Rec. doc. 22) is GRANTED in PART and DENIED in PART and Cheek shall respond as required by this order within seven (7) working days of its entry.

IT IS FURTHER ORDERED that because of the trial setting any appeal of this order shall be taken within five (5) working days of its entry.

New Orleans, Louisiana, this 17th day of March, 2008.

**SALLY SHUSHAN**
**United States Magistrate Judge**

3